UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRES LATIN FOODS, LLC | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) INJUNCTIVE RELIEF REQUESTED<br>) |
| AMERICAN KITCHEN DELIGHTS, INC. | )<br>)<br>) |
| | ) Case No. |
| and | )<br>) |
| SHAHNAWAZ HASAN | )<br>) |
| Defendants. | )<br>)<br>) |

**COMPLAINT FOR CONVERSION**

COMES NOW Plaintiff TRES LATIN FOODS, LLC ("Tres Latin") and for its cause of action against Defendants American Kitchen Delights, Inc. ("AKD") and Shahnawaz Hasan ("Hasan") alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Tres Latin is a limited liability company duly formed and existing under the laws of the State of Colorado, with its principal place of business in Denver County, State of Colorado.

2. Upon information and belief, Defendant Hasan is a citizen of the State of Illinois and resides within this judicial district.

3. Defendant AKD is a corporation duly formed and existing under the laws of the State of Illinois, with its principal place of business in Cook County, State of Illinois, within this judicial district.

4. Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in the Northern District of Illinois under 28 U.S.C. §1391(b)(1) because at least one Defendant resides in this judicial district and all Defendants are residents of this State; and under 28 U.S.C. §1391(b)(2), because a substantial portion of the events at issue in the underlying case took place in the Northern District of Illinois.

6. An actual case and controversy of a justiciable nature exists between Plaintiff and Defendants involving the rights and obligations of these parties.

## FACTS

7. Tres Latin is in the business of marketing and selling various food products, including its gluten-free pupusas, which are now widely sold around the United States. Pupusas are a traditional Salvadorian dish of a thick corn masa (flour) tortilla stuffed with savory fillings.

8. On or about December 18, 2017, Tres Latin entered into an agreement with Kitchen Cuisine Brands, LLC, an Illinois limited liability company ("KCB"), under which KCB represented that it owned and operated a food-production facility located at

15320 South Cooper Avenue, Harvey, Illinois 60426 (the "Facility"), and that it would use the Facility to manufacture food products for Tres Latin, including its pupusas (the "KCB Agreement").

9. Unbeknownst to Tres Latin at the time it entered into the KCB Agreement, KCB did not own or operate the Facility; instead, the Facility is owned and operated by Defendant AKD, and has been at all material times.

10. Upon information and belief, KCB and AKD have at times operated as business affiliates.

11. Unfortunately, the KCB-AKD relationship became strained after Tres Latin entered into the KCB Agreement, and KCB frequently failed to perform, at times blaming AKD for its non-performance.

12. On or about January 15, 2019, Tres Latin terminated the KCB Agreement, by providing notice to KCB, and KCB has not contested this termination.

13. After terminating the KCB Agreement, on or about January 17, 2019, Tres Latin Chairman Michael Silverman and Tres Latin President Joshua Holmstrom travelled from Denver to the Facility (in Harvey, Illinois), intending to collect Tres Latin's property that had been stored at the Facility, in connection with KCB's prior production of Tres Latin's food products.

14. The Tres Latin property stored at the Facility includes manufacturing equipment, labels, and raw materials inventory (the "Tres Latin Property").

15. The Tres Latin Property is valued in excess of $250,000.00.

16. Despite due demand, Defendants Hasan and AKD have refused to allow Tres Latin to collect the Tres Latin Property.

17. Instead, on the evening of January 17, 2019, Defendant Hasan told Silverman that Defendants Hasan and AKD would not allow Tres Latin to collect the Tres Latin Property, unless Tres Latin first tendered payment to AKD of $30,000.00.

18. The next morning, January 18, 2019, Defendant Hasan increased his demand, and told Silverman that Defendants Hasan and AKD would not allow Tres Latin to collect the Tres Latin Property, unless Tres Latin first tendered payment to AKD of $100,000.00.

19. Counsel for Tres Latin sent Defendants a letter demanding that Defendants allow Tres Latin to collect the Tres Latin property—without payment of any money to Defendants — by email on January 18, 2019, and by overnight courier service, confirmed delivered on January 24, 2019.

20. To this day, Defendants have not agreed to release the Tres Latin Property to Tres Latin.

21. Upon information and belief, AKD may be owed money by KCB, and KCB has attempted to collect that money from Tres Latin instead, as reflected by its demand for money from Tres Latin, and its wrongful refusal to allow Tres Latin to collect its property.

22. Tres Latin has suffered a decrease in its profit margins caused by Defendants denying Tres Latin access to its manufacturing equipment, and will continue to suffer decreased profit margins so long as Defendants continue to

wrongfully appropriate Tres Latin's equipment. That is, it costs Tres Latin more to manufacture its food products without access to its equipment.

23. Tres Latin has suffered real and demonstrable damages caused by Defendants' refusal to allow Tres Latin to collect its manufacturing equipment, in an amount to be determined at trial.

24. Tres Latin has suffered other damages caused by Defendants' conversion of Tres Latin's raw-materials inventory and packaging materials, in an amount to be determined at trial.

25. To the extent Defendants refuse to relinquish Tres Latin's raw-materials inventory, such inventory may soon expire, causing irreparable harm to Tres Latin.

## COUNT ONE
## CONVERSION

26. Tres Latin realleges and incorporates the preceding paragraphs.

27. Tres Latin has an absolute and unconditional right to the return of its property.

28. Tres Latin has demanded from Defendants the return of its property.

29. Defendants have wrongfully and without authorization assumed control over this property, to which they have no right.

30. Accordingly, Tres Latin is entitled to the return of its property and to recover the damages caused by Defendants' conversion.

**WHEREFORE**, Plaintiff Tres Latin respectfully requests that this Court:

5

1. Enter an injunction ordering Defendants to immediately return the Tres Latin Property in their custody, possession, or control.

2. Enter judgment against Defendants for compensatory and consequential damages in an amount to be determined at trial.

3. Award Tres Latin such other relief as this Court may deem just and proper.


Dated: February 1, 2019

Respectfully submitted,

Tres Latin Foods, LLC, Plaintiff

By: s/ Benjamin T. Johnson
Benjamin T. Johnson, Esq.
MICHAEL BEST & FRIEDRICH, LLP
River Point
444 West Lake Street
Chicago, IL 60606
Phone: 312-222-0800
Fax: 312-222-0818
mailto: btjohnson@michaelbest.com

s/ Patrick J. Bernal
Patrick J. Bernal, Esq.
*Pending Admission Pro Hac Vice*
MICHAEL BEST & FRIEDRICH, LLP
8300 Arista Place, Suite 300
Broomfield, CO 80021
Phone: 303-800-1580
Fax: 877-398-5240
mailto: pjbernal@michaelbest.com